IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                                Civ. No. 14-352

8965 ARROYO ROAD,
LAS CRUCES, NEW MEXICO 88012

MORE PARTICULARLY DESCRIBED AS:
LOT 2B, OF LORI SUMMARY SUBDIVISION REPLAT NO. 1,
LOCATED IN THE COUNTY OF DOÑA ANA, STATE OF NEW
MEXICO AS SHOWN ON PLAT THEREOF RECORDED ON FEBRUARY
8, 1989 IN PLAT BOOK 16, AT PAGE(S) 34 AS PLAT NO. 1932,
RECORDS OF DOÑA ANA COUNTY

    *Defendant*,

and

LUZ A. DOMINGUEZ,

    *Claimant*.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

    Plaintiff states:

### JURISDICTION AND VENUE

    1.    This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico. During the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

    2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355, and 1356.

    3.    Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which is the subject of this action consists of the real property (hereafter referred to as "Defendant Real Property") in the above caption.

**PARTIES AND CLAIMANTS**

5. The following persons may claim an interest in Defendant Real Property:

   i. Luz A. Dominguez.

**FACTS**

6. On or about March 23, 2012, title to the Defendant Real Property was transferred from Rogelio Pizarro and his wife/ex-wife, to Luz A. Dominguez, based on two cashier's checks, one in the amount of $1,000 earnest money and the other in the amount of $28,981.05.

7. The Defendant Real Property consists of a main house and a smaller casita. At the time of the sale in or about March 2012, the approximately 2,500 square foot house was not completed or livable. It had been framed and prepared for a stucco exterior, but the interior was incomplete. An approximately 760 square foot separate casita was closer to completion. The total real property was approximately one acre.

8. The listing price for the Defendant Real Property was $99,000. Eidolfo Dominguez-Lopez posing as "Lino Rivera" offered $80,000 in cash to Rogelio Pizarro and convinced Pizarro to report the sales price as $30,000.

9. In the parking lot of the realtor's office in Las Cruces, New Mexico, Eidolfo Dominguez-Lopez gave $25,000 in cash to Pizarro, who in turn provided the monies to his soon-to-be-ex-wife for her share of the property. Eidolfo Dominguez-Lopez accompanied Luz A. Dominguez to the realtor's office. The realtor drafted a purchase agreement for $30,000 and was unaware of the $50,000 that was to be paid under-the-table to Pizarro.

10. The $1,000 cashier's check for the earnest money was dated on or about February 10, 2012 and listed Luz A. Dominguez as the remitter.

11. On or about March 23, 2012, the day of the closing, Eidolfo Dominguez-Lopez gave Pizarro approximately $15,000 cash in the parking lot outside the office of the title company in Las Cruces, New Mexico. At closing, title to the property was transferred to Luz A. Dominguez.

12. The $28,981.05 cashier's check to complete the sale was dated on or about March 23, 2012 and listed Luz A. Dominguez as the remitter.

13. Days later, Eidolfo Dominguez-Lopez paid Pizarro the remaining $10,000 to complete the $50,000 under-the-table portion of the purchase.

14. Pizarro communicated directly with Eidolfo Dominguez-Lopez for the sale of the Defendant Real Property. Eidolfo Dominguez-Lopez presented himself as the buyer using the name "Lino Rivera" and paid approximately $50,000 to Pizarro under-the-table.

15. Eidolfo Dominguez-Lopez titled the property in the name of his sister, Luz A. Dominguez, whom he said lived in Denver, Colorado and had a house in Tularosa, New Mexico.

16. Eidolfo Dominguez-Lopez communicated with Pizarro from three different cell phones during the course of the sale of this property.

17. Luz A. Dominguez was married on or about March 23, 2012 to Jesus Ordonez; however, title to the Defendant Real Property was transferred to her as her sole and separate property. On or about March 23, 2012, Jesus Ordonez transferred title from himself and Luz A. Dominguez to Luz A. Dominguez.

18. Between approximately January 23, 2012 and September 20, 2012, Eidolfo Dominguez-Lopez conspired to transport almost 400 kilograms of marijuana. He also arranged

for money transfers for drug transactions and assisted in the payment of legal fees for co-defendants who were arrested during drug transporting runs.

19.     Eidolfo Dominguez-Lopez used proceeds from this drug trafficking to purchase the Defendant Real Property, putting title in the name of his sister.

20.     On or about September 20, 2012, a Grand Jury indicted Eidolfo Dominguez-Lopez and others for numerous counts of Conspiracy, Money Laundering, and violations of the Controlled Substances Act, in *United States v. Eidolfo Dominguez-Lopez, Adrian Ordonez, et al.*, Criminal Cause Number 12-CR-2333 RB.

21.     Although not on title, Eidolfo Dominguez-Lopez controlled the Defendant Real Property, not his sister on title, Luz A. Dominguez.  In an intercepted phone call with a co-defendant on July 11, 2012, he referred to it as "my house" and stated that he was thinking of putting the house on the market to "throw off the enemy," believed to be a reference to law enforcement.

22.     The son of Luz A. Dominguez is a co-defendant with Eidolfo Dominguez-Lopez in Criminal Cause Number 12-CR-2333 RB in that drug trafficking organization for illegal activities from approximately January 2012 through September 2012.

23.     The $28,981.05 cashier's check provided to the title company on or about March 23, 2012, to purchase the Defendant Real Property was from funds in a savings account at Chase Bank held by Luz A. Dominguez.  During the months leading up to this cashier's check, there were deposits into Luz A. Dominguez's savings account once a month of between $3,000 and $8,000.  After the purchase of the Defendant Real Property in or about March 2012, no more deposits were made into that account, which had a balance of only about $68 by October 2012.

24. Luz A. Dominguez and her husband, Jesus Ordonez, had insufficient legitimate income to provide almost $30,000 in or about February/March 2012 for the purchase of the Defendant Real Property.

25. Eidolfo Dominguez-Lopez and his wife, Maria Vidales, also known as Maria Dominguez, had insufficient legitimate income to purchase the Defendant Real Property in or about March 2012 for $80,000.

26. Luz A. Dominguez has never lived at the Defendant Real Property. By late 2012, the main house had been completed and Maria Vidales, also known as Maria Dominguez, was living there with her children while Eidolfo Dominguez-Lopez was incarcerated.

## CLAIM FOR RELIEF

27. The Defendant Real Property is subject to arrest and forfeiture under 18 U.S.C. § 981(a)(1)(A) because it was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956.

28. The Defendant Real Property is subject to arrest and forfeiture to plaintiff under 21 U.S.C. § 881(a)(6) because it constitutes the proceeds of illegal drug trafficking, or is traceable thereto, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

29. The Defendant Real Property is subject to arrest and forfeiture under 21 U.S.C. § 881(a)(7) because it was used or intended to be used, in any manner or part, to commit or to facilitate the commission of a violation of the Controlled Substances Act punishable by more than one year's imprisonment.

WHEREFORE: Plaintiff seeks arrest of Defendant Real Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of any Unknown Claimants to the

Defendant Real Property, costs and expenses of seizure and of this proceeding, and other proper relief.

>Respectfully submitted,
>
>DAMON P. MARTINEZ
>Acting United States Attorney
>
>*/s/*
>
>BROCK E. TAYLOR
>Assistant United States Attorney
>555 S. Telshor, Ste. 300
>Las Cruces, NM  88011
>(575) 522-2304

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration. I have read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached. The statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: April 15, 2014

Craig F. Mischler, Special Agent
Drug Enforcement Administration