# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              CV 14-352 RB/WPL

8965 ARROYO ROAD,
LAS CRUCES, NEW MEXICO 88012,

      Defendant,

*and*

LUZ A. DOMINGUEZ,

      Claimant.

## ORDER

This matter is before me on the United States' Motion for Sanctions. (Doc. 29.) The United States accuses Dominguez of failing to obey the Court's Order of October 14, 2014 (Doc. 28), and providing incomplete and evasive responses to interrogatories and requests for production (Doc. 29). The United States requests that I sanction Dominguez pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Dominguez filed a response objecting to the imposition of sanctions and asserting simply that she has used her best efforts to procure documents, provided all available documentation, and acted in good faith. (Doc. 30.) The United States filed a reply. (Doc. 31.) Having carefully considered the parties' filings, the record, and the relevant law, I GRANT IN PART and DENY IN PART the United States' Motion for Sanctions.

## PROCEDURAL BACKGROUND

The United States served its First Set of Requests for Production of Documents and its First Set of Interrogatories on Dominguez on July 17, 2014. (Docs. 15, 16.) Dominguez had until August 17, 2014, to provide timely responses. *See* FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). The United States contacted Dominguez's attorney on August 22, 2014, to advise him that the United States had not received responses to the discovery requests and to request that Dominguez respond by August 29, 2014. (*See* Doc. 19 at 2.) On or about August 25, 2014, Dominguez asked the United States for a two week extension. (*Id.*) On September 9, 2014, the United States filed a Motion to Compel Discovery on the Requests for Production and Interrogatories. (Doc. 19.) Dominguez filed a response (Doc. 20), and the United States filed a reply (Doc. 21).

I held a hearing on the Motion to Compel on October 14, 2014. (*See* Doc. 25, 26.) The next day, I granted the Motion to Compel and gave Dominguez until October 28, 2014, to comply with the Order. (Doc. 28.) At the hearing and again in the Order, I reminded Dominguez that failure to comply with the United States' discovery requests and failure to comply with the Order could "have serious consequences, up to and including a default judgment in favor of the United States or the institution of contempt proceedings." (*Id.*)

On October 31, 2014, the United States filed the instant Motion for Sanctions, explaining that Dominguez failed to comply with specified Requests for Production and Interrogatories. The United States argues that Dominguez provided evasive and incomplete responses to Request Nos. 4, 5, 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, and 20, and Interrogatory No. 1. In support of its motion, the United States reproduced the listed Requests, Dominguez's Responses, and the United States' Replies. Each reply explains why the United States believes the response was incomplete and evasive.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 37 governs sanctions for various discovery abuses. The failure to disclose information, supplement a response, or admit a fact can be a sanctionable offense. FED. R. CIV. P. 37(c). Rule 37(a)(4) instructs the Court to treat "an evasive or incomplete disclosure, answer, or response . . . as a failure to disclose, answer, or respond." Permissible sanctions include the following:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)   striking pleadings in whole or in part;
>
> (iv)    staying further proceedings until the order is obeyed;
>
> (v)     dismissing the action or proceeding in whole or in part;
>
> (vi)    rendering a default judgment against the disobedient party; or
>
> (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii). Furthermore, if a party does not supplement a discovery response, unless it is harmless or substantially justified, the party is prohibited from using that evidence at trial, and the court may impose additional sanctions such as the opposing party's reasonable expenses or even dismissal. FED. R. CIV. P. 37(c).

**DISCUSSION**

The United States requests sanctions against Dominguez in the form of a prohibition against raising the innocent owner defense and an adverse finding as to each unanswered discovery request.

A.      **Innocent Owner Defense**

For in rem forfeiture proceedings, the government bears the initial burden of demonstrating probable cause that a substantial connection exists between the property and the underlying criminal activity. *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two & 43/100 Dollars ($149,442.43) in U.S. Currency*, 965 F.2d 868, 876 (10th Cir. 1992). After this initial showing, the burden shifts to the claimant to show, by a preponderance of the evidence, that the property did not derive from illegal drug activity or that she did not know about or consent to such activity. *Id.* If the claimant is unable to demonstrate by a preponderance of the evidence that the property was not involved in drug activity, the government's showing of probable cause alone will support a judgment for forfeiture. *Id.*

The innocent owner defense is an affirmative defense, and the claimant bears the burden of proving that she is an innocent owner. *United States v. 16328 S. 43d E. Ave., Bixby, Tulsa County, Okla.*, 275 F.3d 1281, 1284-85 (10th Cir. 2002); *see also* 18 U.S.C. § 983(d) (2012). The innocent owner defense can be asserted in two ways. First, when the property exists contemporaneously with conduct subjecting the property to forfeiture, an innocent owner is one who "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct . . . , did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A). Second, when the property interest exists after the conduct subjecting such property to forfeiture, an innocent owner is one who, "at the time that person acquired the interest in the property—(i) was a bona fide purchaser or seller for value . . . ; and (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture." *Id.* § 983(d)(3)(A).

"'[T]he term bona fide purchaser . . . is generally understood to mean [o]ne who has purchased property for value without notice of any defects in the title of the seller.'" *United States v. 5910 South Ogden Court*, 913 F. Supp. 2d 1037, 1044-45 (D. Colo. 2012) (quoting *United States v. Guerra*, 216 F. App'x 906, 910 (11th Cir. 2007) (unpublished)). "Bona fide purchasers for value . . . having engaged in or benefitted from a transaction that the law accepts as capable of creating property rights instead of merely transferring possession, are entitled to test their claim of ownership . . . against . . . the Government . . . ." *United States v. Parcel of Land, Bldgs., Appurtenances & Improvements, Known as 92 Buena Vista Ave., Rumson, N.J.*, 507 U.S. 111, 142-43 (1993).

Dominguez cursorily raised the innocent owner defense, as a bona fide purchaser, in her Answer. (Doc. 7 at 2.) She affirmatively raised the defense and bears the burden of proving this claim by a preponderance of the evidence. Sanctioning Dominguez with a blanket prohibition on making such a showing would effectively result in default judgment to the government. I am unwilling to impose such a harsh sanction at this time. However, Dominguez's proffers will be constrained by the adverse findings in the rest of this Order. Accordingly, the United States' request that I sanction Dominguez by prohibiting her from raising the innocent owner defense is DENIED.

**B.     Adverse Findings**

The United States requests adverse findings as to several Requests for Production and to Interrogatory No. 1. Dominguez supplemented her responses pursuant to the October 15 Order. The supplemental responses were signed and, therefore, certified as complete and correct based on reasonable inquiry by Dominguez and her attorney. (Doc. 29 Ex. 1); *see also* FED. R. CIV. P. 26(g)(1). Though Dominguez asserts that she has provided full and complete responses to these

5

discovery requests, as required, it is clear that a number of her responses remain incomplete. I will address challenged response in turn.

Request No. 4: The United States requested documents concerning Dominguez's accounts, business transactions, financial dealings, and loans since 2010. Dominguez originally responded that she did not have any documents concerning accounts she has held since 2010, but recalled having an account in a bank in El Paso, Texas. After the Order of October 15, she supplemented this response to say that she had a copy of the cashier's check from Chase Bank delivered at the closing on the defendant property and that she had an account with Chase Bank but has no further information.

At the hearing, I reminded Dominguez and her attorney that banks are heavily regulated entities and that a reasonable effort to produce bank records would include contacting the bank. Dominguez does not suggest that she contacted Chase Bank to find an account number or other relevant information that would be responsive to this request. Based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 4. As a sanction, I find that Dominguez had an account with Chase Bank, that monies were deposited and removed as the government contends in its complaint (Doc. 1 at 4), and that she has not had any other accounts, business transactions, financial dealings, or loans with any business entities, financial institutions, or persons since 2010. With the exception of the cashier's check previously provided to the United States, Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 5: The United States requested "[a]ll statements, passbooks, bills, or other financial statements of account for all of [Dominguez's and her] spouse's checking accounts, mortgages, [and] investments . . . " since 2010. (Doc. 29 at 3; Doc. 19 Ex. 3 at 5.) Dominguez

originally responded that she did not have any of those documents (Doc. 20 Ex. 1 at 1), and supplemented her response to state that she had an account with Chase Bank and monies on deposit therewith, but had no documents responsive to the request (Doc. 29 at 3).

As previously stated, financial institutions are heavily regulated. Dominguez makes no claim that she made any effort to contact such institutions to get these records. As such, I find that her response is incomplete and evasive, as the United States suggests. Based on her failure to use reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 5. As a sanction, I find that Dominguez cannot produce any records of account for her own or her spouse's checking accounts, mortgages, or investments, including bills and passbooks, because no such accounts or records, other than the Chase Bank account discussed in the complaint and above, existed. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 6: The United States requested documents evidencing all credit card accounts in Dominguez or her spouse's name since 2010. Dominguez responded that she "does not recall having any credit cards during that time period." (Doc. 29 at 4.) The United States contends that her response does not address her spouse's credit history and that Dominguez failed to produce a credit report that would confirm this response.

I agree. This response is incomplete and evasive. A reasonable effort to respond to this request would include Dominguez and her spouse's credit report from any of the credit reporting agencies, several of which will provide a free credit report every twelve months. Based on her failure to make reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 6. As a sanction, I find that neither

Dominguez nor her husband have held any credit cards since 2010. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 8: The United States requested all wages and earning statements for Dominguez and her spouse, including those for self-employment, since 2010. Dominguez originally responded that she does not possess such documentation (Doc. 20 Ex. 1 at 1), and supplemented her response to say that her spouse "works out of town at the present time and [she] has thus far been unable to locate documents responsive to this request." (Doc. 29 at 4.)

Dominguez fails to state whether she has been employed during this period or where her spouse has been employed. Further, while Dominguez recounts that she has been "unable to locate documents responsive to this request," she does not provide any information as to what steps she has taken. Dominguez is required to produce sufficient evidence that is specific and factual—to rely on assertions is not sufficient. *See Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991). A reasonable effort to respond to this request would have included tax records for herself and her spouse, a list of employers, and/or some evidence suggesting that Dominguez made any effort to procure these records.

Based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 8. As a sanction, I find that neither Dominguez nor her husband have an employment history since 2010. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 10: The United States requested documents identifying who made payments related to the purchase of the defendant property. Dominguez originally responded that she had provided copies of all closing documents and payments made at closing, and that "[t]hese documents should also be available from the Realtor who handled the transaction as well as the

Seller." (Doc. 20 Ex. 1 at 2.) She then supplemented her response to state that she made the payments on the property and produced additional documentation to the government. The United States contends that her proffered documents show payments of approximately $30,000, and that the property was worth considerably more than that. Dominguez stated that "[a]t the specific request of the Seller, he was paid cash payments prior to and at the closing. [She is] researching [her] records for the exact amounts." (Doc. 29 at 5.) The United States argues that this response is incomplete and evasive.

Of all her responses, Dominguez here shows a good-faith attempt to comb through her records and produce additional documentation that is responsive to the government's request. While the response may be incomplete, I do not find that it is evasive. Therefore, I DENY the request for an adverse finding as to Request No. 10. However, I caution Dominguez that she must continue to diligently search her records for such documentation and supply that information to the government **within thirty days of its discovery**.

Request No. 11: The United States requested documentation as to any improvements made on the defendant property and records as to who paid for those improvements. Dominguez originally responded that she did not possess any such documentation, but would continue searching her records. (Doc. 20 Ex. 1 at 2.) She supplemented her response to say that the only available documents are those relating to the purchase of the property. (Doc. 29 at 5.)

Dominguez failed to produce any documents suggesting that she made improvements to the property. She has had multiple opportunities to produce responsive documentation and has not met her burden of production. Therefore, I GRANT the request for sanctions as to Request No. 11. As a sanction, Dominguez will not be allowed to produce any additional documentation relating to improvements on the defendant property.

9

<u>Request No. 12</u>: The United States requested records and documents relating to any money that was owed to Dominguez since 2010. Dominguez initially responded that she had provided all available records to the government (Doc 20 Ex. 1 at 2), supplemented her response to discuss the sale of property in El Paso, Texas, in 2011, and noted that attorney Victor Falvey may have additional documents (Doc. 29 at 6).

Dominguez's response offers an example of possible reasonable efforts: she could have easily contacted Mr. Falvey and requested the documents. Her supplemented response suggests that she failed to contact Mr. Falvey, and therefore failed to make reasonable efforts to comply with the request. Based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 12. As a sanction, I find that no additional documentation exists because Dominguez was not owed any other money during this period. Dominguez is prohibited from producing additional evidence that would contradict this finding.

<u>Request No. 13</u>: The United States requested documents, including bank records, proving that Arminda Lopez Marquez and Ascencion Dominguez Rivera actually gave Dominguez money and that the money was intended and used to purchase the defendant property. Dominguez originally responded that she had provided all records in her possession, and that she would attempt to determine the name of her bank and her account number. (Doc. 20 Ex. 1 at 2.) She supplemented her response to say that she had an account with Chase Bank in El Paso that may have held these funds at various times. (Doc. 29 at 7.) Dominguez provided a statement taken before a notary stating she was paid approximately $32,000 in 2007 for 55 heads of cattle. The United States claims that Dominguez has provided no documentation showing that this money was still in her possession in August 2011 when the earnest money was paid for

defendant property. (*Id.*) The United States argues that Dominguez failed to take reasonable steps to request records from financial institutions, and therefore this response is incomplete and evasive.

I agree with the government that Dominguez has failed to take reasonable steps to request records from financial institutions with which she has had dealings, but more to the point, Dominguez's response does not appear to address the request at all. The request specifically names Arminda Lopez Marquez and Ascencion Dominguez Rivera and demands records about any money received from these individuals. It appears that Dominguez's response deals only with a payment for cattle received from Samuel Rios Perez in 2007.

Based on her failure to respond to the request, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 13. As a sanction, I find that no documentation relating to payments from Marquez and Rivera exists because no such payments were made. Dominguez is prohibited from producing evidence that would contradict this finding, but she is free to introduce evidence as to Perez's 2007 payment.

Request No. 14: The United States requested documents showing that Parcel of Land #1, Block #71, 963 Meters Surface and 120 Meters of Building Structure, Located in Colonia Oscar Soto Maynez, Municipality of Namiquipa, Judicial District Benito Juarez, State of Chihuahua, Mexico, was sold by or on behalf of Dominguez, and that the money was intended and used to purchase the defendant property. Dominguez originally responded that she had provided all relevant documents in her possession and that she would have to travel to Mexico to obtain further documentation. (Doc. 20 Ex. 1 at 2.) She supplemented her response to state, simply, that she has no other responsive documents in her possession. (Doc. 29 at 7.) The United States notes

that the provided documents do not reflect that the land was ever actually sold or that the proceeds remained in Dominguez's possession when the defendant property was purchased.

Based on the information provided in the United States' motion for sanctions and Dominguez's woefully inadequate response to that motion, I am forced to agree with the government that this response is incomplete and evasive. Dominguez offered a reasonable effort in her initial response to the Request: she could travel to Mexico herself or contact friends, family, or a financial institution that could access the responsive records. Based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 14. As a sanction, I find that no additional documentation exists because the property in Chihuahua was not sold and, therefore, Dominguez was not entitled to any proceeds. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 15: The United States requested property-tax statements and proof of payments for the defendant property paid by Dominguez with her income since 2012. Dominguez originally responded that she would need to obtain copies from the Dona Ana County Treasurer (Doc. 20 Ex. 1 at 2), and supplemented her response to state that she made the payments but did not keep tax records, and therefore cannot respond to the Request (Doc. 29 at 8).

Again, Dominguez's initial response offered a very reasonable effort to comply with the United States' Request. A reasonable effort to comply with this request would have included calling the Dona Ana County Treasurer, as Dominguez suggested, and simply requesting the records. Dominguez does not claim that she has made such an attempt. Based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT

12

the request for sanctions as to Request No. 15. As a sanction, I find that Dominguez does not have proof of payments on the property because she made no such tax payments with her income during the relevant period. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 16: The United States requested all utility bills for defendant property since March 2012. Dominguez originally responded that she would request copies of the bills from the various utility companies and supplement her response. (Doc. 20 Ex. 1 at 2.) She supplemented her response with, according to the United States, a photocopy of three bills, all dated September or October 2014. (Doc. 29 at 9.)

I agree with the United States that this response is incomplete and evasive, and that Dominguez failed to take the reasonable step of contacting the utility providers. Utilities, like banks, are heavily regulated entities that keep billing records. Simply requesting the records from a utility would qualify as a reasonable effort, but Dominguez failed to take even this basic step. Therefore, based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 16. As a sanction, I find that Dominguez was unable to procure utility records for the defendant property during the relevant period because she was not the account holder and not entitled to such information. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 17: The United States requested proof of all utility bill payments Dominguez has made for defendant property since March 2012. Dominguez originally responded that she would supplement her response (Doc. 20 Ex. 1 at 2), and her supplemental response was that

"[the utility bills] have been paid in cash by [Dominguez] to the best of her knowledge." (Doc. 29 at 9.)

I agree with the United States that this answer is incomplete and evasive. Even if this statement is true—that Dominguez paid the bills in cash—the utility companies would have a record of those payments, and Dominguez simply needed to request the records. Dominguez again failed to take very simple and reasonable steps to comply with the production request. Based on her failure to render reasonable efforts, the lack of justification for this failure, and Rule 37, I hereby GRANT the request for sanctions as to Request No. 17. As a sanction, I find that no additional documentation exists because Dominguez did not pay the utility bills for defendant property. Dominguez is prohibited from producing evidence that would contradict this finding.

Request No. 19: The United States requested "[a]ll documents, photographs, and other tangible things (not already provided) that support [Dominguez's] contention that [she is] a true owner" of the defendant property and that she has "exercised dominion and control over that property since March 2012 . . . ." (Doc. 29 at 9.) Dominguez originally responded that she had provided all documents in her possession and would supplement as further documentation became available. (Doc. 20 Ex. 1 at 2.) She supplemented her response to reiterate the same. (Doc. 29 at 9.)

The United States contends that this response is incomplete and evasive. That may be the case. More importantly, the request specifies documents "not already provided." I find that Dominguez's repeated assertions that she has provided all documentation is accurate. Therefore, I GRANT the request for sanctions as to Request No. 19. As a sanction, Dominguez is prohibited from producing any additional documents that are not otherwise consistent with this Order.

14

Request No. 20: The United States requested "[a]ll documents, photographs, and other tangible things that support [Dominguez's] contention that [she] lacked knowledge and/or did not consent to the use of the [defendant] property . . . to facilitate drug related activities." (Doc. 29 at 10.) Dominguez responded that "[she] has no knowledge that the property was used at any time to further drug related activities" (Doc. 20 Ex. 1 at 2) and supplemented that response to state that "[she] denies any knowledge of unlawful activities taking place on the property." (Doc. 29 at 10.)

The United States contends that this response is incomplete and evasive. That may be the case. However, an adverse finding on this point would preclude Dominguez from providing any evidence supporting her contention that she did not know about illegal activity on the property. This would be the same as prohibiting Dominguez from raising the innocent owner defense and would be tantamount to judgment in favor of the United States. I am unwilling to make such a finding at this time. Therefore, I DENY the motion for sanctions as to Request No. 20, and remind Dominguez that her proffers on this point are constrained by the findings in this Order.

Interrogatory No. 1: The United States requested that Dominguez provide the names of each person or entity she claimed provided purchase money for the defendant property, the amount provided, the date the currency was provided, the method used, and the circumstances under which she obtained the funds. (Doc. 29 at 10.) Dominguez provided the same text in her original and supplemental answers:

> The source of funds for the property was the sale of a property in the Republic of Mexico, State of Chihuahua and the sale of a property in El Paso[,] Texas as well as monies that were gifted by her father in Mexico. The Claimant has previously furnished documentation from Mexico which details the transactions.

(Doc. 20 Ex. 1 at 2; Doc. 29 at 10.)

15

As above, Dominguez's repeated failure to respond to discovery requests is determinative. I agree with the United States that this answer is incomplete and evasive. Dominguez failed to provide the requested information. Therefore, I GRANT the request for sanctions as to Interrogatory No. 1. As a sanction, Dominguez is prohibited from producing any additional documentation or evidence relating to where she obtained the purchase money for the defendant property.

## CONCLUSION

Dominguez failed to comply with discovery requests, failed to comply with this Court's Order dated October 15, 2014, and failed to render reasonable efforts to comply with the requests or the Order. I have twice warned Dominguez that failure to comply could result in serious consequences, potentially including sanctions such as dismissal with prejudice or the institution of contempt proceedings. As discussed above, Dominguez is subject to sanctions on Request Nos. 4, 5, 6, 8, 11, 12, 13, 14, 15, 16, 17, and 19, and on Interrogatory 1. She is not subject to sanctions on Request Nos. 10 and 20. Dominguez is free to raise an innocent owner or bona fide purchaser defense within the confines of this Order.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.