IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.     CV 14-352 RB/WPL

8965 ARROYO ROAD,
LAS CRUCES, NEW MEXICO 88012,

       Defendant,

*and*

LUZ A. DOMINGUEZ,

       Claimant.

## ORDER

This matter comes before me on the United States's Motion to Extend Pretrial Deadlines. (Doc. 44.) Claimant Luz Dominguez filed a response (Doc. 45), and the United States filed a reply (Doc. 46). The United States requests that I reopen discovery and amend the pretrial deadlines. Dominguez opposes the motion and requests that the United States's request be denied in its entirety. As explained below, I grant the United States's motion.

The United States filed the complaint in this case on April 15, 2014. (Doc. 1.) I entered a Scheduling Order on July 15, 2014, setting a discovery termination date of January 12, 2015. (Doc. 13.) On September 9, 2014, the United States filed its first Motion to Compel Discovery complaining of Dominguez's noncompliance with written discovery. (Doc. 19.) Dominguez and counsel for both parties appeared for a hearing on the motion on October 14, 2014. (*See* Doc. 26.) I granted the United States's Motion to Compel Discovery on October 15, 2014, and ordered that Dominguez comply with her discovery obligations no later than October 28, 2014. (Doc.

28.) The United States filed a Motion for Sanctions on October 31, 2014, because Dominguez failed to comply with my October 15 Order. (Doc. 29.) I granted in part and denied in part the Motion for Sanctions on November 18, 2014, and entered adverse findings against Dominguez. On January 29, 2015, the United States filed a Second Motion to Compel Discovery, again citing Dominguez's noncompliance with written discovery. (Doc. 36.) I granted the Second Motion to Compel Discovery on February 9, 2015, and ordered Dominguez to comply with her discovery obligations no later than March 2, 2015. (Doc. 39.)

The United States now argues that delays associated with the difficult discovery process in this case necessitate a re-opening and extension of the original discovery deadlines. The United States claims that it needs additional time to review the documents that were ultimately produced in discovery, determine the necessity of retaining experts, and prepare a motion for summary judgment.

Dominguez counters that she is elderly, ill, and lacks the resources to continue litigating this case. Dominguez complains that the United States was aware of the discovery deadlines in the case and failed to file a timely motion to extend those deadlines. Dominguez argues that the Scheduling Order should "be enforced as strictly against the government as the discovery rules have been enforced against [her]." (Doc. 45 at 2.) Finally, Dominguez suggests that the United States failed to show good cause to extend the deadlines and that, rather than granting the United States's motion, I should strike the motion as being untimely.

The United States replies that Dominguez's "dilatory and obstructive tactics" during discovery provide the necessary showing of good cause to extend the deadlines.

The Tenth Circuit addressed the issue of reopening discovery and extending pretrial deadlines in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The court reiterated that

the decision to extend or reopen discovery is within the trial court's discretion, but should be guided by several factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984); *Wilk v. Am. Med. Assoc.*, 719 F.2d 207, 232 (7th Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984); *Germenia v. First Nat'l Bank of Boston*, 653 F.2d 1, 5-6 (1st Cir. 1981)).

Factors weighing against granting the United States's motion include the fact that the motion is opposed and the foreseeability of the need for additional discovery in light of the Scheduling Order. After the United States's Motion for Sanctions was granted in November 2014, or when Dominguez failed to respond to the written discovery requests that became the subject of the January 2015 Motion to Compel, the United States could reasonably have foreseen the need to extend discovery and pretrial deadlines. The United States could have filed a motion for the extension of discovery and pretrial deadlines in January 2015, before it filed its Second Motion to Compel.

On the other hand, the presiding judge has not yet set this case for trial. Dominguez does not suggest that she would be prejudiced by the reopening of discovery and extension of pretrial deadlines. The United States was diligent in obtaining discovery within the guidelines established by the Court. And finally, allowing the parties additional time to determine the need for experts and file expert reports would probably lead to relevant evidence.

On balance, the factors weigh in favor of finding good cause to reopen discovery and extend pretrial deadlines. Therefore, I hereby grant the motion and reset pretrial deadlines as detailed below..

Discovery is hereby reopened and will terminate on October 1, 2015. Plaintiff's Rule 26 reports or summary disclosures are due by August 24, 2015. Claimant's Rule 26 reports or summary disclosures are due by September 24, 2015. Motions related to discovery shall be filed no later than 5:00 p.m. on October 8, 2015. Pretrial motions, other than discovery motions, shall be filed no later than 5:00 p.m. on October 15, 2015. The Pretrial Order is due from Plaintiff to Claimant on November 5, 2015; and from Claimant to the Court on November 19, 2015.

No additional extensions will be granted.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.